**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **OSCAR LUIS MATA-RAMOS,** ) | |
| Defendant-Petitioner, ) | |
| ) | |
| vs. ) | No. 3:05-CV-626-M |
| ) | No. 3:03-CR-103-M |
| **UNITED STATES OF AMERICA,** ) | |
| Plaintiff-Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the United States District Court for the Northern District of Texas, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the magistrate judge are as follows:

**FINDINGS AND CONCLUSIONS**:

Oscar Luis Mata-Ramos ("Movant") seeks to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Movant is a federal prisoner currently incarcerated in a federal correctional institution. Respondent is the United States of America ("Respondent").

**STATEMENT OF THE CASE**

On April 8, 2003, Movant was charged in a one-count indictment with illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). On July 23, 2003, Movant pled guilty to the indictment. Movant was sentenced on October 15, 2003 to 78 months' confinement and a three-year term of supervised release. On April 21, 2004, the Fifth Circuit Court of Appeals confirmed his conviction. *United States v. Mata-Ramos*, No. 03-11123 (5th Cir. April 21, 2004). His § 2255 motion was timely filed on March 30, 2005.

## STATEMENT OF THE CLAIMS

Movant alleges the following grounds for relief:

1. The trial Court erred by asserting that a prior conviction is a sentence enhancement, rather then an element of the offense pursuant to 8 U.S.C. §1326.

2. The trial Court erred by using a prior conviction that was not alleged in the indictment to increase sentencing over the statutory maximum prescribed in 8 U.S.C. § 1326 (a).

## EXAMINATION OF THE CLAIMS

A defendant is precluded from arguing the same issues in a collateral attack that were previously raised on direct appeal. *Moore v. United States*, 598 F. 2d 439, 441 (5th Cir. 1979); *Ordonez v. United States*, 588 F. 2d 448-49 (5th Cir. 1979). The claim that Movant raises in his § 2255 motion is the same claim that was raised and decided on direct appeal. The Fifth Circuit Court of Appeals determined that according to the United States Supreme Court, enhanced penalties in § 1326 (b) are sentencing provisions, not elements of the offense. *Almendarez-Torres v. United States,* 523 U.S. 224, 235 (1998). The Court held that the sentencing provisions do not violate the Due Process Clause. *Almendarez-Torres,* 523 U.S. at 239-47. The Court specifically held that it must follow *Almendarez-Torres* unless the Supreme Court overturns it. *Mata-Ramos*, No. 03-11123 at 2.

Movant suggests that *Shepard v. United States,* 125 S. Ct. 1254 (2005) held that *Almendarez-Torres* should be overruled. In *Shepard*, the Court considered the use of a prior conviction under a non generic burglary statute in the application of an armed criminal enhancement. *Shepard,* 125 S. Ct. at 1262-63. The Court ruled in *Shepard* that *Almendarez-Torres* did not authorize the use of the prior conviction. *Id.* at 1262. The case at hand has an entirely different set of facts than *Shepard*, and the Fifth Circuit has been clear and unambiguous

2

in its holding that *Almendarez-Torres* is the correct standard to be used in this case.  *Mata-Ramos*, No. 03-11123 at 2.  Based on the foregoing, the claims that Movant raises in his § 2255 motion have already been decided, and will not be reconsidered.

### **RECOMMENDATION**:

This Court hereby recommends that Movant's motion to vacate, set aside, or modify his conviction and sentence pursuant to 28 U.S.C. § 2255 be denied.

SIGNED, December 5, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).